JOANNA L. BROOKS (SBN 182986)
Email:      brooksj@jacksonlewis.com
TIMOTHY C. TRAVELSTEAD (SBN 215260)
Email:      travelsteadt@jacksonlewis.com
DOUGLAS M. BRIA (SBN 226966)
Email:      briad@jacksonlewis.com
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone:   415.394.9400
Facsimile:   415.394.9401

Attorneys for Defendants
PEROT SYSTEMS CORPORATION and
CATHOLIC HEALTHCARE WEST, erroneously
sued as DOMINICAN HOSPITAL OF SANTA
CRUZ

FRANK A. JELINCH, ESQ. (SBN 42890)
Email:      frank@jelinchlaw.com
LAW OFFICE OF FRANK A. JELINCH
20045 Stevens Creek Boulevard, Suite 2G
Cupertino, CA 95104
Telephone:   408.366.6300
Fax:         408.252.3936

Attorney for Plaintiff
ALEX CHAVEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX CHAVEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>PEROT SYSTEMS CORPORATION,<br>DOMINICAN HOSPITAL OF SANTA CRUZ<br>and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No. CV 09 1444 SC<br><br>**STIPULATION TO DISMISS DEFENDANT CATHOLIC HEALTHCARE WEST, ERRONEOUSLY SUED AS DOMINICAN HOSPITAL OF SANTA CRUZ, AND STAY THE ACTION PENDING RESOLUTION OF RELATED CASE; [PROPOSED] ORDER THEREON** |

**TO THE HONORABLE COURT:**

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff Alex Chavez ("Chavez") and Defendants Perot Systems Corporation ("Perot Systems") and Catholic Healthcare West ("CHW"), erroneously sued as Dominican Hospital of Santa Cruz (collectively referred to as the "Parties"), by and through their respective counsel of record, as follows:

WHEREAS, Plaintiff filed the instant action on February 6, 2009 in the Superior Court of California, Santa Cruz County, alleging the following causes of action: (1) nonpayment of wages for standby time in violation of California wage and hour laws; (2) waiting time penalties; and (3) retaliation for complaint about unpaid wages (the "Complaint"). Specifically, the Complaint alleges Chavez (i) "was [a] controlled standby employee of defendants;" (ii) "was not allowed to be located over one-half hour's time from the hospital site;" (iii) "was required to carry a cell phone with paging capacity;" and (iv) "was otherwise so restricted that he was not able to attend to his personal business." Bria Decl. ¶ 3, Ex. A. The Complaint further alleges that Chavez regularly worked from home and that Perot Systems failed to pay wages due in violation of the California Labor Code. *Id*;

WHEREAS, Defendants removed this action to the United States District Court, Northern District of California on April 2, 2009, based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. sections 1332, 1441, and 1446, U.S.D.C., N.D. Cal. No. 3:09-CV-01444-SC;

WHEREAS, Defendant Catholic Healthcare West, erroneously sued as Dominican Hospital of Santa Cruz, bears no liability under the Complaint as a "dual employer" as alleged, because no employment relationship existed between Chavez and CHW at any time relevant to the Complaint under settled California law;

WHEREAS, there is a previously filed class action lawsuit pending against Defendant Perot Systems in the United States District, Northern District of California, entitled *Angelita Gomez, individually and on behalf of all others similarly situated, vs. Perot Systems Corporation, a Delaware Corporation, and Does 1 through 50*, U.S.D.C., N.D. Cal., No. 3:08-CV-03337-SC (the "Gomez Complaint"). Bria Decl. ¶ 4, Ex. B;

WHEREAS, the plaintiffs in the previously filed *Gomez* action allege violations of the California wage and hour laws that are identical to the wage and hour claims set forth in Chavez's Complaint, except for Chavez's retaliation claim. The Gomez Complaint alleges the following causes of action: Failure to pay wages, failure to pay overtime, recovery of waiting time penalties, failure to provide itemized wage statements, and unlawful business practices. Bria Decl. ¶ 4, Ex. B. The Gomez Complaint seeks to certify a class of "all current and former employees of Perot Systems in California who worked on-call time at any time in the four years preceding the filing of this action." *Id.* Specifically, the Gomez Complaint alleges (i) "Perot Systems required, encouraged, suffered and/or permitted Plaintiff and members of the class to work on-call time in which they were subject to Perot Systems' control;" (ii) "Plaintiff and members of the class were required to respond within 15 minutes to any call seeking technical support" and "were required to appear at the jobsite within one hour to provide technical support;" (iii) Plaintiff and members of the class "were required to notify their manager any time they went out of cell range;" and (iv) Plaintiff and members of the class "were restricted to locations with a high speed internet connection." *Id.*

WHEREAS, on May 4, 2009, Perot Systems filed in the *Gomez* action a motion to determine whether the *Gomez* and *Chavez* actions should be related, which this Court granted by Related Case Order on May 15, 2009.

WHEREAS, to the extent the claims in the two cases are identical, Chavez believes he may be a putative class member in the *Gomez* action pursuant to the class definition as alleged by plaintiffs in that suit;

WHEREAS, plaintiffs and Perot Systems have been engaged in complicated, protracted discovery of electronic information in the *Gomez* action involving identical issues of on-call standby time alleged to be the core of the controversy in the *Chavez* action;

WHEREAS, the Parties have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case;

WHEREAS, given the related nature of the cases and the substantial overlap of common issues of law and fact, the Parties recognize that the *Chavez* and *Gomez* actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a), if the two cases were to proceed as concurrent litigation;

WHEREAS, to address the need for consolidation, avoid the likelihood of duplicative discovery disputes and risk of inconsistent judgments, and prevent the need for further determination by the Court, a stay of this action will further conserve judicial resources, reduce the expense to the Parties, and facilitate resolution by allowing the Parties to prepare for and engage in meaningful settlement discussions;

**THE PARTIES THEREFORE STIPULATE AND PROPOSE AS FOLLOWS:**

1. In order to foster judicial economy and avoid concurrent litigation on the same subject matter, the above-captioned action shall be stayed in its entirety pending a class certification determination in the related and previously filed *Gomez* action currently pending before this

Court, or alternatively, upon the dismissal of *Gomez* prior to any class certification determination. Nothing in this Stipulation is intended or will be construed as a waiver by either party of any argument or objection it may raise, upon lifting of the stay, concerning whether this action should be further stayed, dismissed, or consolidated with the trial schedule of the *Gomez* action pursuant to Rule 42 of the Federal Rules of Civil Procedure.

2. The Parties be relieved of all obligations under Rule 26 of the Federal Rules of Civil Procedure for the duration of the stay.

3. Pursuant to Rule 41(a)(1), all causes of action or claims against Defendant Catholic Healthcare West, erroneously sued as Dominican Hospital of Santa Cruz, shall be dismissed with prejudice. Each party shall bear its own attorney's fees and costs with respect to said dismissal. The undersigned counsel for Plaintiff and Defendants stipulate to the dismissal and to the allocation of fees and costs. No parties other than Plaintiff, ALEX CHAVEZ, and Defendants, PEROT SYSTEMS CORPORATION and CATHOLIC HEALTHCARE WEST have been named or have appeared in this action.

///

4. The Parties further agree that faxed signatures on this Stipulation are deemed to be original signatures for filing purposes.

**IT IS SO STIPULATED.**

Dated: August 4, 2009

JACKSON LEWIS LLP

By: _____
JoAnna L. Brooks
Timothy C. Travelstead
Douglas M. Bria
Attorneys for Defendant
PEROT SYSTEMS CORPORATION

Dated: August 4, 2009

LAW OFFICE OF FRANK A. JELINCH

By: _____
Frank A. Jelinch
Attorney for Plaintiff
ALEX CHAVEZ

///

4. The Parties further agree that faxed signatures on this Stipulation are deemed to be original signatures for filing purposes.

**IT IS SO STIPULATED.**

Dated: July 31, 2009            JACKSON LEWIS LLP

By: _____
JoAnna L. Brooks
Timothy C. Travelstead
Douglas M. Bria
Attorneys for Defendant
PEROT SYSTEMS CORPORATION

Dated: July 31, 2009            LAW OFFICE OF FRANK A. JELINCH

By: *[signature]*
Frank A. Jelinch
Attorney for Plaintiff
ALEX CHAVEZ

///

## [PROPOSED] ORDER

The Court, having read and considered the Parties' Stipulation and all papers and pleadings filed by the parties herein, and for good cause shown rules as follows:

(1) This action is stayed in its entirety pending a class certification determination in the related and previously filed class action, *Gomez v. Perot Systems Corporation*, a putative class action pending before this Court, case number 3:08-cv-03337-SC; or alternatively, upon the dismissal of *Gomez* prior to any class certification determination. Neither of the Parties herein will be deemed to have waived any argument or objection it may raise, upon lifting of the stay, concerning whether this action should be further stayed, dismissed, or consolidated with the trial schedule of the *Gomez* action pursuant to Rule 42 of the Federal Rules of Civil Procedure;

(2) The Parties are relieved of any further obligations under Rule 26 of the Federal Rules of Civil Procedure for the duration of the stay; and

(3) All causes of action and claims against Defendant Catholic Healthcare West, erroneously sued as Dominican Hospital of Santa Cruz, are dismissed with prejudice, each party to bear its own attorney's fees and costs.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: __August 6, 2009_____



_____
THE HON _____
JUDGE OF _____ STATES
DISTRICT _____